UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REV. RYAN SASHA GALLAGHER,<br><br>    Plaintiff,<br><br>v.<br><br>CNN, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:18-CV-04600-CAP |

# **O R D E R**

The plaintiff filed the instant pro se action, seeking declaratory relief and damages against the defendants for defamation and false reporting. A magistrate judge granted the plaintiff's request to proceed in forma pauperis ("IFP"). The court now determines whether the complaint survives a frivolity review under 28 U.S.C. § 1915(e) or should be dismissed as frivolous.

A court "shall dismiss [an IFP claim] at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "has little or no chance of

success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). To have some chance of success, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

In this action, the plaintiff asserts claims for defamation and false reporting against the defendants. As relief, the plaintiff seeks a declaratory judgment, $500,000 in damages from the defendant Anderson Cooper and his attorneys, and $2,000,000 in damages "from CNN and its executives and Lawyers combined" [Doc. No. 1-1 at 3]. His complaint also includes

allegations regarding the FBI and AT&T, who are named defendants, but he brings no claims against them.[1]

The plaintiff alleges that he posted a comment on Twitter in which he "mentioned that 'the only way to have wealth distribution is to start taking heads', [sic] then I say 'ex: @andersoncooper acts like a good guy, but he is not really helping anyone'" [Doc. No. 1-1 at 2]. The plaintiff appears to allege that his Twitter comment (or "tweet") was interpreted as a threat and reported to law enforcement authorities. He alleges that Cooper "SWATTED" him after seeing the tweet,[2] and that Cooper's knowledge of the plaintiff's tweets implicates that CNN personnel and its executives were involved in the response. *Id.* He also alleges that the defendants spread rumors that he was violent and an extremist.

However, the plaintiff fails to allege sufficient factual allegations to state a claim for relief. The plaintiff fails to plead facts showing how Cooper (or any defendant) made the alleged false report, when this occurred, or the

---

[1] The plaintiff mentions of the FBI and AT&T in relation to other lawsuits he has filed about difficulties in obtaining documents under FOIA. He then asserts that these difficulties were due to the alleged defamation by the other defendants.

[2] Though the plaintiff does not provide further detail, "swatting" is generally known as a harassment tactic where the harasser deceives an emergency service into sending a police unit or other emergency response team to another person's address. However, the plaintiff does not allege that he was contacted by police or emergency services at all.

content of any alleged false statements. He simply makes the conclusory allegation that the defendants caused federal agencies to "take[] further steps, and have taken measures to ensure that [the plaintiff] do[es] not have access to various Rights." *Id.* He does not allege what steps were taken or what rights were infringed upon.

Overall, the factual basis for the plaintiff's claims appears to be that "CNN began talking about 'Death Threats' with a greater frequency on TV, as I tweeted them." *Id.* at 3. The court notes that this statement appears to concede that the plaintiff was tweeting threatening messages. In any event, such barebones allegations do not state a plausible claim for relief that is properly before this court.[3]

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), the plaintiff's complaint [Doc. No. 1-1] is DISMISSED as frivolous.

**SO ORDERED**, this 11th day of October, 2018.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge

---

[3] The plaintiff also attempts to support his allegations by citing to three actions that he filed against others. However, each of these cases appears unrelated, was dismissed within months a few months of being filed, and leave to proceed in forma pauperis was denied. *See Gallagher v. Drug Enforcement Admin.*, 1:18-cv-01674 (D. Colo. filed June 29, 2018); *Gallagher v. Wray*, 1:18-cv-01697 (D. Colo. filed July 5, 2018); *Gallagher v. Facebook*, 1:18-cv-02029 (D. Colo. filed Aug. 8, 2018).